IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wayne Rice, | C/A No. 0:11-2546-DCN-PJG |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Cartledge, | |
| Respondent. | |

The petitioner, Wayne Rice ("Rice"), a self-represented state prisoner currently housed at McCormick Correctional Institution, filed this habeas corpus action pursuant to 28 U.S.C. § 2241 challenging the decision of the South Carolina Department of Probation, Parole and Pardon Services ("SCDPPPS") denying him parole. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 10.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 13.) Rice responded in opposition. (ECF No. 16.) Having reviewed the parties' submissions and the applicable law, the court finds that the respondent's motion for summary judgment should be granted.

**BACKGROUND**

Rice filed this petition for a writ of habeas corpus challenging the denial of parole by SCDPPPS. Specifically, Rice alleges that he has been denied his right to a fair hearing and that he has been "red flagged" which has prevented him from being granted parole. On May 4, 2011, Rice was denied parole and on June 10, 2011 his request for reconsideration was denied. (See ECF Nos.

1-3, 1-4.) Rice filed a Step 1 grievance with the South Carolina Department of Corrections and was informed that "Parole Board decisions are non-grievable issues." (ECF No. 1-2.) It appears that Rice then filed the instant Petition.

**DISCUSSION**

Before a state prisoner can seek federal habeas relief under § 2241, he must first exhaust any *state court remedies* that may be available. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition."); Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 490-91 (1973) (stating that exhaustion is also required under 28 U.S.C. § 2241). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). The exhaustion requirement "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers." Fain v. Duff, 488 F.2d 218, 224 (5th Cir. 1973) (discussing Braden, 410 U.S. 484).

The respondent argues that Rice is not entitled to habeas relief because he has failed to exhaust his state court remedies. Specifically, the respondent contends that Rice failed to seek relief from the South Carolina Administrative Law Court following a final decision from SCDPPPS.

Contrarily, Rice appears to argue that because he does not have a liberty interest in parole, after seeking reconsideration from SCDPPPS, he exhausted all of the available state court remedies in this matter.

The South Carolina Administrative Law Court "has subject matter jurisdiction over an inmate's appeal when the claim sufficiently 'implicates a state-created liberty interest.' " Furtick v. S.C. Dep't of Corr., 649 S.E.2d 35, 38 (S.C. 2007) (quoting Sullivan v. S.C. Dep't of Corr., 586 S.E.2d 124, 127 (S.C. 2003)). The South Carolina Supreme Court has explained that although a prisoner does not have a liberty interest in parole, he has a liberty interest in parole eligibility. Furtick, 649 S.E.2d at 149 n.4. In Cooper v. South Carolina Department of Probation, Parole and Pardon Services, 661 S.E.2d 106 (S.C. 2008), the state Supreme Court further explained that if a prisoner "was rendered ineligible for parole due to the procedure employed by the Parole Board, then he was deprived of a state-created liberty interest which triggered the due process requirements of judicial review." Id. at 110. Inmates who challenge the procedure utilized by the Parole Board in denying parole may seek review of these decisions by filing an appeal at the South Carolina Administrative Law Court. Id. at 110-12.

The gist of Rice's Petition is that he is not receiving a individualized parole determination because he has been "red flagged" for denial of parole. Rice argues that the Parole Board is not providing him with a fair hearing. He also appears to allege that the Parole Board failed to properly consider the statutory criteria in rendering its decision. Accordingly, Rice, like Cooper, would have been able to seek review of his claims with the South Carolina Administrative Law Court;[1] however,

---

[1] Moreover, pursuant to the South Carolina Administrative Procedures Act ("APA") and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the Administrative Law Court may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court. S.C. Code Ann. § 1-23-610; Rule 242, SCACR.

PJG

it is undisputed that he failed to do so. Accordingly, the court concludes that Rice failed to exhaust his state remedies as required by controlling law.

The failure to exhaust state remedies, when such remedies would be procedurally barred under state law, may be excused when the petitioner establishes cause and prejudice or demonstrates that failure to consider his claims will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750. However, Rice merely disputes whether review of his claims was available at the South Carolina Administrative Law Court. See id. at 753 (stating that " 'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him") (emphasis in original); Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir. 1991) (stating that a party's *pro se* status or ignorance of the law do not constitute cause). He has failed to allege or even demonstrate cause and prejudice or that a fundamental miscarriage of justice will occur if his claims are not considered.

## RECOMMENDATION

Rice has failed to exhaust his state remedies with regard to his allegations that SCDPPPS failed to give him an individualized determination when it denied his parole. Accordingly, the court recommends that the respondent's motion for summary judgment be granted and this Petition be dismissed. (ECF No. 10.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 25, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).